IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-26-188-SLP |
| ) | |
| SCARLET GRANT, et al., ) | |
| ) | |
| Respondents. ) | |

### ORDER

Before the Court are Petitioner's Emergency Motion to Proceed Under Pseudonym, (Doc. 4), and Petitioner's Motion to File Certain Exhibits Under Seal, (Doc. 5). After reviewing the motions and relevant authority, the undersigned concludes responsive briefing would not materially assist the undersigned in resolving these motions. For the reasons set forth below, the undersigned **GRANTS** Petitioner's Emergency Motion to Proceed Under Pseudonym, (Doc. 4), and **GRANTS IN PART** Petitioner's Motion to File Certain Exhibits Under Seal, (Doc. 5).

**I.    Motion to Proceed Under Pseudonym**

In this Motion, which counsel did not file under seal, Petitioner states he "requests leave to proceed under a pseudonym to protect highly sensitive personal and medical information that is central to this action." (Doc. 4, at 1). Specifically, Petitioner states he has "a documented history of a cerebral aneurysm and HIV-positive status, which are directly implicated in his claims." (*Id.* at 1-2). According to him, "[p]ublic disclosure of

Petitioner's identity on the public docket would expose him to a substantial risk of harm, stigma, and retaliation while providing no meaningful benefit to the public or prejudice to Respondents." (*Id.* at 2).[1]

In general, "[l]awsuits are public events and there is no legal right in parties . . . to be allowed anonymity." *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (citation modified). "Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure," and "there does not appear to be any specific statute or rule supporting the practice." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (citation modified). To the contrary, "the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties." *Id.*

"But federal courts traditionally have recognized that in some cases the general presumption of open trials — including identification of parties . . . by their real names — should yield in deference to sufficiently pressing needs for a party['s] . . . anonymity." *Luo*, 71 F.4th at 1296 (citation modified). As a Court in this district recently explained,

> while the risk that a plaintiff may suffer some embarrassment is not enough, pseudonym status may be warranted in cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. . . . The decision whether to allow litigation by pseudonym is left to the Court's discretion.

---

[1] Petitioner's counsel cites *Femedeer v. Haun*, 227 F.3d 1244, 1246-47 (10th Cir. 2000), and *A.L.A. v. West Valley City*, 26 F.3d 989, 993-94 (10th Cir. 1994), for propositions that are unsupported by the cases cited. (Doc. 4, at 2). Counsel also asserts that "[c]ourts routinely permit pseudonymous filings where a litigant seeks to protect sensitive medical information, including diagnoses that carry a risk of stigma or discrimination," without any supporting legal authority. (*Id.*)

*Padres Unidos de Tulsa v. Drummond*, 785 F. Supp. 3d 993, 1007 (W.D. Okla. 2025). A court must balance a petitioner's "asserted need for anonymity [against] the countervailing interests of the opposing party and the public more generally." *Williams v. N.M. State Univ.*, 348 F.R.D. 694, 698 (D.N.M. 2025); *see also Luo*, 71 F.4th at 1296 ("The need for party anonymity must outweigh the presumption of openness.") (citation modified).

Here, Petitioner's allegations provide at least some basis to conclude that harm may result if he is not permitted to proceed pseudonymously. Petitioner's HIV-positive status likely is the type of "highly sensitive and personal" medical information that could lead to social stigma if revealed to the public. *Padres Unidos de Tulsa*, 785 F. Supp. 3d at 1007; *see also Tony M. v. United Healthcare Ins. Co.*, 2025 WL 357724, at *2 (D. Utah Jan. 31, 2025) (stating that "highly sensitive and personal medical issues experienced by" the petitioner may "constitute an 'exceptional circumstance' that weighs" in favor of pseudonymity).

There is no indication that granting the pseudonym motion would prejudice Respondents. Petitioner explains that "Respondents will be provided with Petitioner's true name, A-Number, detention location, and all identifying information necessary to litigate this matter, either through counsel or under seal." (Doc. 4, at 4). Moreover, the public's interest in this litigation does not override Petitioner's interest in proceeding under a pseudonym. While "the public has an important interest in access to legal proceedings," *Femedeer*, 227 F.3d at 1246, Petitioner's case is one of hundreds in recent months challenging Respondents' detention policies, and the undersigned discerns little public value in knowing the identity of this Petitioner in the instant case. Other reasons for public

interest in the Petition are also inapplicable. *See, e.g.*, *M.M. v. Zavares*, 139 F.3d 798, 803 (10th Cir. 1998) (explaining that plaintiff's requested relief of "public funds" is a source of public interest in pseudonym analysis); *Femedeer*, 227 F.3d at 1246 (explaining that "difficult[y] [in] apply[ing] legal principles of res judicata and collateral estoppel" is a source of public interest in pseudonym analysis). Because the balance of interests tilts in Petitioner's favor, he will be permitted to proceed via pseudonym.

## II.     Motion to File Certain Exhibits Under Seal

In this second Motion, which counsel also did not file under seal,[2] Petitioner "respectfully moves this Court for leave to file the entire Petition for Writ of Habeas Corpus in the above captioned matter and all related filings under seal or, in the alternative, certain exhibits under seal." (Doc. 5, at 1).[3]

---

[2] Counsel appears to believe that this motion, and its attachments, were filed under seal. They were not.

> Leave of Court is required to file a document or a portion of a document under seal, which shall be requested by filing a motion and submitting a proposed order granting the relief. The motion requesting leave should not ordinarily be filed under seal and therefore should state only in a general way the reason for the request (i.e., the document contains privileged, sensitive, or personal information).

LCvR 5.2.2; *see also ECF Policies & Procedures Manual*, § II.H.1. In the future, counsel is reminded to comply with the local rules before filing a Petitioner's confidential information.

[3] The Court is perplexed by this request given Petitioner's counsel's assertion in the Emergency Motion to Proceed Under Pseudonym that "Petitioner does *not* request that the case be sealed or that public access to filings be restricted beyond the use of a pseudonym." (Doc. 4, at 4) (emphasis added).

4

Motions to file documents under seal also include a balancing test between competing interests. "The 'presumption of access [to court filings] can be rebutted if countervailing interests heavily outweigh the public interests in access.'" *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir.1988)); *see also Sacchi v. Health Servs., Inc.*, 918 F.3d 1155, 1160 ("We will not grant a motion to seal unless the moving party overcomes a presumption in favor of access to judicial records by articulating a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.") (citation modified). "Medical records . . . are examples of the types of private information this court has allowed to be sealed." *Luo*, 71 F.4th at 1304.

Petitioner's real and substantial privacy interest in his medical records overcomes the public's interest in access to the same. *See id.* For that reason, Petitioner will be permitted to file his medical exhibits under seal, only accessible to the Court and counsel in this litigation. However, Petitioner does not demonstrate an interest sufficient to seal his entire Petition and related filings. Petitioner provides no basis or legal authority for his request to file an entire case or petition under seal, save for the conclusory statement that "Petitioner seeks to file this case under seal in order to prevent his identity and sensitive medical information from being accessed by the public." (Doc. 5, at 3). He does not rebut the presumption of public access as to all filings in this case. And he does not explain why he needs this relief in addition to being permitted to proceed under a pseudonym.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Petitioner's Emergency Motion to Proceed Under Pseudonym (Doc. 4) is **GRANTED**.  Petitioner's counsel must provide the Court and Respondents' counsel with Petitioner's true name, A-Number, detention location, and all identifying information necessary to litigate this matter, via a Notice filed under seal.

IT IS FURTHER ORDERED that Petitioner's Motion to File Certain Exhibits Under Seal (Doc. 5) is **GRANTED IN PART, to the extent that Petitioner may file his medical records under seal**.  The Court directs the Clerk of Court to seal Exhibits 1-3 to Petitioner's Motion to File Certain Exhibits Under Seal.  (Doc. 5).

IT IS SO ORDERED this 17th day of February, 2026.

_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE