## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN DOE,                                  )
                                           )
    Petitioner,                        )
                                           )
v.                                         )     Case No. CIV-26-188-SLP
                                           )
SCARLET GRANT, et al.,                     )
                                           )
    Respondents.[1]                    )

## O R D E R

Petitioner John Doe,[2] represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 22] (R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 24], Petitioner has filed a Response to the Objection [Doc. No. 25], and the matter is at issue.

The Court reviews de novo any portion of the R&R to which the parties have made specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d

---

[1] Markwayne Mullin was confirmed as Secretary of the Department of Homeland Security on March 23, 2026. He replaces Kristi Noem and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d). Todd Blanche was announced as Acting Attorney General on April 2, 2026. He replaces Pamela Bondi and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Petitioner has been granted permission to proceed under pseudonym. [Doc. No. 11].

1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS IN PART the R&R and GRANTS IN PART the Petition.

## I.      Background

Petitioner, a noncitizen and national of El Salvador, entered the United States without admission or inspection on or about August 8, 2014. Shortly thereafter, on September 26, 2014, ICE encountered Petitioner and instituted removal proceedings against him through issuance of a Notice to Appear (NTA). On August 24, 2025, Petitioner was arrested in Tulsa County for aggravated DUI, unsafe lane use, improper stopping, lack of valid driver's license, failure to carry insurance, and transporting an open container. Petitioner pleaded guilty and completed his 45-day sentence in September 2025. He was then immediately transferred into ICE custody on an immigration detainer. Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Thus, Petitioner has not been given the opportunity to post bond or be released on other conditions. When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

On February 4, 2026, Petitioner filed this action, claiming a violation of the Immigration and Nationality Act (INA), a violation of his due process rights under the Fifth Amendment to the United States Constitution, and a violation of his substantive due process rights. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. Petitioner further claims that dangerous conditions of his confinement at Cimarron Correctional

2

Facility violate his substantive due process rights.[3]  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.    <u>Discussion</u>

The Magistrate Judge concluded that habeas relief should be granted, in part.  The Magistrate Judge recommended that the Court order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven days of this judgment or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.

Respondent's objection is made to "preserve appellate issues" and recognizes the prior rulings of this Court concluding that Petitioner's detention is governed by § 1226(a) and § 1226(b).  [Doc. No. 24] at 2.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of § 1225(b)(2)(A) as governing Petitioner's detention.  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues, and concluded that ICE detention of  similarly situated petitioners is governed by § 1226(a).  The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and Second Circuits having ruled in a manner consistent with this Court.  *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't  of*

---

[3] The Magistrate Judge held that Count III is not cognizable in habeas. Neither the Respondents nor the Petitioner objected to this holding and therefore the issue is deemed waived.

*Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (agreeing with Respondent's position that § 1225(b)(2)(a) governs the detention); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (same).[4]  Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

The Court grants relief to Petitioner in the form of a bond hearing under § 1226(a). Accordingly, the Court deems the Petitioner's due process argument as moot and declines to address it.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 22] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

A separate judgment shall be entered.

IT IS SO ORDERED this 2nd day of June, 2026.

_____
**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] To date, the Tenth Circuit has not ruled on the issue. *See RIGOBERTO SANTILLAN QUIROZ v. SCARLET GRANT, et al.*, No. CIV-25-1349-PRW, 2026 WL 852201 (W.D. Okla. Jan. 13, 2026) (pending before the 10th Circuit).